JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Masood Moinuddin ("Masood") appeals the trial court's judgment affirming the magistrate's decision regarding his divorce and his contempt finding. Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2002, plaintiff-appellee, Barbara Moinuddin ("Barbara") filed for divorce.[1] Masood counterclaimed, and orders for temporary support were granted in December 2002.[2] The matter was heard before a magistrate on June 23, 2005, August 2, 2005, January 11, 2006, and January 17, 2006. Following the hearings, the magistrate issued a decision in April 2006 regarding the division of marital assets, spousal support, child support, and a contempt finding against Masood.
 Marital Assets {¶ 3} The magistrate found that Masood is self-employed, as the sole shareholder of ABC Auto Insurance Agency, Inc. The magistrate determined that this business is a marital asset.[3] The magistrate also found that Masood had an interest in Consolidated Estates LLC ("Consolidated Estates"). This finding was based on Masood's tax returns for the year 2000, which indicated that he was the *Page 3 
proprietor of the business and listed the marital home address and Consolidated Estates' address. The magistrate also found that Masood had an interest in a business called Silver City Properties LLC ("Silver City"). The magistrate based her decision on evidence that: Masood was sued along with Consolidated Estates and Silver City in a civil matter, Consolidated Estates was listed as statutory agent for Silver City, and Masood's fiance_ is an authorized representative for Silver City.
 {¶ 4} The magistrate also found that the fair market value of property owned by Silver City and located at 5407 Euclid Avenue is $647,500. The magistrate gave Masood the opportunity to provide documents showing any mortgage balance or liens on the property which would change the value of the property. However, Masood failed to provide any documents, so the court relied on the $647,500 value.
 Spousal Support {¶ 5} The magistrate concluded that Masood continued to actively engage in the insurance business during the pendency of the case and through the date of the final hearing. Therefore, the magistrate found that Masood is not unemployed and his income is at least $60,000. The magistrate found that Barbara was voluntarily unemployed and that her earning capability is $14,500. Barbara was awarded half of the value of the retirement accounts (approximately $9,500) as spousal support. The magistrate found that this amount would meet Barbara's immediate needs rather than allowing a monthly award in light of Masood's history of non-payment.
 Child Support *Page 4 {¶ 6} The magistrate determined Masood's monthly child support obligation to be $520.03. The magistrate found that Masood was not entitled to a deviation from the guidelines because both parties agreed that the minor child would remain in parochial school.
 Contempt Findings {¶ 7} The magistrate found Masood in contempt of the temporary support orders for failing to pay the support and found him $24,086.22 in arrears. Masood was sentenced to thirty days in jail. However, the sentence would be purged if he paid $2,400 within thirty days of the journalization of the final decree. In addition to the current support, Masood was ordered to pay $200 per month until the arrearage was paid in full or until further order of the court.
 {¶ 8} Both parties filed objections to the magistrate's decision, which the trial court denied.[4] In August 2006, the trial court affirmed and adopted the magistrate's decision, modifying the contempt order to give Masood sixty days to purge his contempt. The divorce decree was finalized on August 16, 2006.
 {¶ 9} Masood appeals, raising six assignments of error. Masood argues that the magistrate abused her discretion and committed prejudicial error in: determining the marital assets, allocating the marital debt, imputing income to Masood, failing to deviate from the child support guidelines, finding Masood in contempt of the *Page 5 
temporary support orders, and failing to provide reasonable conditions for purging the contempt order.
 {¶ 10} However, we note that the record contains no transcript of the proceedings conducted on January 17, 2006, the final hearing. It is the duty of the appellant to provide this court with an adequate record from which to review the assignments of error on appeal. See App.R. 9. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the regularity of the lower court's proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St. 2d 197,400 N.E.2d 384. For this reason, the six assignments of error are overruled.
 {¶ 11} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
KENNETH A. ROCCO, J. and MARY EILEEN KILBANE, J. CONCUR
[1] The parties were married on July 3, 1986, and have two children as issue of the marriage. Their daughter is emancipated and their son is a minor.
[2] The divorce proceedings were stayed pending both parties' bankruptcy petitions.
[3] Barbara and the court requested documents regarding Masood's businesses, but Masood failed to produce the documents.
[4] The trial court noted that Masood filed only a partial transcript in support of his objections. *Page 1